## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BOBBY WASHINGTON,

      CASE NO. 06-CV-10463-BC

     Plaintiff,

v.

      DISTRICT JUDGE DAVID M. LAWSON
      MAGISTRATE JUDGE CHARLES E. BINDER

PATRICIA CARUSO,

     Defendant.

_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### PURSUANT TO  28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** because Plaintiff has failed to demonstrate exhaustion of administrative remedies as required by the Prison Litigation Reform Act.

### II.    REPORT

#### A.    Introduction

Plaintiff Bobby Washington is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Chippewa Correctional Facility in Kincheloe, Michigan.  On February 2, 2006, Plaintiff filed a *pro se* civil rights complaint alleging that the denial of his request for protective segregation amounted to deliberate indifference to his safety in violation of the Eighth Amendment.  U.S. District Judge David M. Lawson referred all pretrial matters in this case to the undersigned magistrate judge.  (Dkt. 3.)  On March 28, 2006,

Plaintiff's application to proceed without prepayment of fees was granted (Dkt. 7) pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Provisions**

This case is subject to screening under several provisions of the United State Code – one that applies to civil complaints filed by prisoners, 28 U.S.C. § 1915A,[1] and one that applies to civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[2] Pursuant to these statutes, as well as 42 U.S.C. § 1997e(c)(1),[3] the Court is to *sua sponte* dismiss the case before service on any defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).

### C.    Exhaustion Requirement

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, and applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Inmates must carefully draft their complaints to include only exhausted claims, because the Sixth Circuit recently held that "mixed" complaints – those raising both exhausted and unexhausted claims – are not allowed under the PLRA. In other words, all claims raised in a complaint must have been completely exhausted prior to filing suit or the entire case will be *sua sponte* dismissed without prejudice. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. To administratively exhaust a § 1983 claim against a defendant, a prisoner

must allege mistreatment or misconduct on the part of that specific defendant at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). In addition, the prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 1822, 149 L. Ed. 2d 958 (2001) (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Even where a prisoner receives no response to his Step I grievance or Step II appeal, he may not abandon the process, but must continue on through the final stage and submit a Step III appeal. *Poor v. Grayson*, 46 Fed. Appx. 825, 827 (6th Cir. 2002).

Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at each step regarding each claim he seeks to raise under § 1983, including all administrative responses received, up to and including the response to his Step III grievance appeal. "[I]n the absence of written documentation, [he must] describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

### D.     Discussion

In this case, Plaintiff submitted several Step I and Step II grievances with his complaint. He did not, however, provide the Court with any Step III grievances or responses. In fact, Plaintiff acknowledged in his complaint that he did not proceed to Step III of the grievance procedure. (Compl. at 3.) Accordingly, I suggest that the complaint is subject to *sua sponte* dismissal without prejudice for failure to comply with the exhaustion rule of 42 U.S.C. § 1997e(a), which is a

"mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

## III.  <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 s/ *Charles E Binder*
CHARLES E. BINDER

Dated: April 5, 2006                                    United States Magistrate Judge

## <u>CERTIFICATION</u>

I hereby certify that this Report and Recommendation was electronically filed this date, served on Bobby Washington by first class mail, and served on District Judge Lawson in the traditional manner.

Date:  April 5, 2006                          By____s/Mary E. Dobbick_____
                                                             Secretary to Magistrate Judge Binder